■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FROMMER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered January 7, 1987, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court committed reversible error in failing to instruct the jury on the law of "temporary and lawful" possession. The record reveals that the defendant went into the bedroom occupied by himself and another and obtained the weapon. Viewed most favorably to the defendant, the record does not warrant the conclusion that the possession was either innocent or temporary *(see, People v Almodovar,* 62 NY2d 126, 130; *People v Williams,* 50 NY2d 1043; *People v Carrion,* 136 AD2d 649; *People v Montgomery,* 106 AD2d 410). In such circumstances, a "temporary and lawful" possession charge was not warranted *(see, People v Williams,* 50 NY2d 1043, 1044-1045, *supra).* Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEWART GIBSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered August 10, 1987, convicting him of grand larceny in the third degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

With respect to the alleged errors in the prosecutor's summation, they were not objected to and are therefore unpreserved for appellate review *(see, People v Medina,* 53 NY2d 951; *People v Allen,* 135 AD2d 823). In any event, the remarks made by the prosecutor did not deprive the defendant of a fair trial. We find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.